# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT PHONEPRASITH and A.P.,

                Plaintiffs,

v.

DAVID A. CLARKE, JR.,

                Defendant.

Case No. 17-CV-970-JPS

**ORDER**

On August 16, 2017, the Court screened Plaintiff's complaint. (Docket #11). The Court found that Plaintiff's complaint was not viable because he attempted to include piecemeal amendments to the document. *Id.* at 3.[1] The Court required Plaintiff to offer an amended complaint no later than September 6, 2017. *Id.* at 3-4. On September 1, 2017, Plaintiff submitted an amended complaint. (Docket #12).

As noted in its August 16, 2017 screening order on the initial complaint, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* (Docket #11 at 1); 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The same standards cited in the original screening order apply here. (Docket #11 at 1-3).

---

[1]The Court's first screening order also noted that A.P., Plaintiff's daughter, could not be a plaintiff in this action without signing the complaint. (Docket #11 at 3). She has not signed the amended complaint. (Docket #12 at 7). The Court will, therefore, dismiss her as a party to this action. *See* Fed. R. Civ. P. 11(a).

Plaintiff's amended complaint advances two claims. First, pursuant to Milwaukee County Jail ("Jail") policy set by Defendant David A. Clarke, Jr. ("Clarke"), the Milwaukee County Sheriff, Plaintiff was not allowed to receive visits from his daughter, a minor child at the time. (Docket #12 at 2). Plaintiff states that the policy was enforced against him from February 2008 until July 2011 while he was detained at the Jail. *Id.* Inmates have a basic right to maintain familial relations, subject to the institution's penological needs. *Stojanovic v. Humphreys*, 309 F. App'x 48, 50-52 (7th Cir. 2009). Plaintiff may therefore proceed on this claim as one for violation of his substantive due process rights. *Id.* Reading the amended complaint liberally, the Court further finds that Clarke may be sued in his personal capacity. Though not explicitly stated by Plaintiff, it is reasonable to infer from his allegations that Clarke, as the head policymaker for the Jail, is personally responsible for creating and enforcing the visitation policy. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).

Plaintiff's second claim is for "denial of access to an adequate law library." (Docket #12 at 4). He claims that the Jail's limited law library and its procedures for handling copy requests slowed his preparation and filing of legal documents. *Id.* at 3-5. This is in the vein of an access-to-courts claim. The Seventh Circuit has established a two-part test for analyzing such claims: "[f]irst, the prisoner must prove that prison officials failed to assist in the preparation and filing of meaningful legal papers. . . . Second, he must show some quantum of detriment caused by the challenged conduct of state officials." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quotation omitted). In particular, the second element

> requires plaintiffs to make specific allegations as to the prejudice suffered because of the defendants' alleged

> conduct. This is because the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Plaintiff's access-to-courts claim cannot proceed for two reasons. First, the focus of Plaintiff's allegations is on the general inadequacy of the Jail's library system. Merely "establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" does not prove the first element described by *Lehn*. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Second, Plaintiff alleges only that his ability to create and file legal documents was delayed, not prevented entirely. Delays in filing are not the same as prejudice; "[i]t is missing indispensable legal arguments, not missing a judicial deadline," that is the foundation of an access-to-courts claim. *Lilly v. Jess*, 189 F. App'x 542, 544 (7th Cir. 2006). "Many a lawyer with full access to all the world's legal materials has missed a deadline." *Id.*

In sum, the court finds that Plaintiff may proceed against Defendant on the following claim pursuant to 28 U.S.C. § 1915A(b): interference with Plaintiff's right to visit with his daughter, in violation of his substantive due process rights under the Fourteenth Amendment.

Accordingly,

**IT IS ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Defendant shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order; and

**IT IS FURTHER ORDERED** that the plaintiff identified as A. P. be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge