# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT PHONEPRASITH,

                      Plaintiff,

v.                                                            Case No. 17-CV-970-JPS

DAVID A. CLARKE, JR.,

                      Defendant.                    **ORDER**

On September 7, 2017, the Court screened Plaintiff's amended complaint, allowing him to proceed on a substantive due process claim, and dismissing an access-to-courts claim. (Docket #13). On September 28, 2017, Plaintiff requested that the Court reconsider dismissal of the latter claim. (Docket #17). Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). *Id.* at 1. This Rule offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)).[1] Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

Plaintiff's motion merely asserts that the Court made a mistake of law in dismissing the access-to-courts claim. (Docket #17 at 1)

---

[1]*Tylon* quotes the previous version of FRCP 60(b)(6), but the verbiage change in 2007 was not intended to be substantive. *See* Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendment.

("Phoneprasith asserts that Judge J.P. Stadtmueller made a 'mistake' and/or acted 'inadvert[ly]'" in dismissing the claim) (quoting Fed. R. Civ. P. 60(b)(1)). Simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681. In other words, allegations that a Court made "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Banks v. Chicago Board of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014). Plaintiff cites no exceptional circumstances warranting relief from the Court's order, and the Court itself finds none upon which to grant the extraordinary relief afforded by FRCP 60(b). Plaintiff's motion must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #17) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2017.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge