# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT PHONEPRASITH,

                Plaintiff,

v.

DAVID A. CLARKE, JR.,

                Defendant.

Case No. 17-CV-970-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff filed this action on July 14, 2017, complaining that certain policies at the Milwaukee County Jail (the "Jail") violated his constitutional rights while he was held there. (Docket #1). The Court screened his Amended Complaint, the current operative pleading, on September 7, 2017, and allowed Plaintiff's lawsuit to proceed. (Docket #13). On October 16, 2017, Defendant filed a motion to dismiss the case as time-barred. (Docket #20). That motion is now fully briefed. (Response, Docket #32; Reply, Docket #34). For the reasons explained below, Defendant's motion must be granted.

## 2. STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). This rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which

it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing Plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [his] favor[.]" *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). It is particularly appropriate to consider the statute of limitations on a motion to dismiss when "the relevant dates are set forth unambiguously in the complaint." *Id.*

3. **RELEVANT FACTS**

The Court applied the FRCP 12(b)(6) standard of review to Plaintiff's pleading upon screening. It will, therefore, quote its discussion of the facts and claims from the September 7, 2017 screening order:

> Plaintiff's amended complaint advances two claims. First, pursuant to [Jail] policy set by Defendant . . ., the Milwaukee County Sheriff, Plaintiff was not allowed to receive visits from his daughter, a minor child at the time.

(Docket #12 at 2). Plaintiff states that the policy was enforced against him from February [2nd,] 2008 until July [11th,] 2011 while he was detained at the Jail. *Id.* Inmates have a basic right to maintain familial relations, subject to the institution's penological needs. *Stojanovic v. Humphreys*, 309 F. App'x 48, 50-52 (7th Cir. 2009). Plaintiff may therefore proceed on this claim as one for violation of his substantive due process rights. *Id.* Reading the amended complaint liberally, the Court further finds that Clarke may be sued in his personal capacity. Though not explicitly stated by Plaintiff, it is reasonable to infer from his allegations that Clarke, as the head policymaker for the Jail, is personally responsible for creating and enforcing the visitation policy. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).

> Plaintiff's second claim is for "denial of access to an adequate law library." (Docket #12 at 4). He claims that the Jail's limited law library and its procedures for handling copy requests slowed his preparation and filing of legal documents. *Id.* at 3-5. This is in the vein of an access-to-courts claim.

(Docket #13 at 2).[1] Plaintiff was not allowed to proceed on the second claim. *Id.* at 2-3.

4. **ANALYSIS**

Defendant seeks to dismiss Plaintiff's sole claim, and thus this lawsuit generally, as untimely. Section 1983 does not have an internal statute of limitations. Instead, federal courts look to the "general or residual statute of limitations governing personal injury actions" as provided for by the state where the injury occurred. *Gray v. Lacke*, 885 F.2d 399, 407 (7th Cir. 1989). In Wisconsin, the period is six years. *Kennedy v. Huibregtse*, 831 F.3d

---

[1]The allegations relevant to Defendant's statute of limitations argument did not change between the original and amended complaints. *See* (Docket #1 at 2; Docket #12 at 2). Defendant thus concedes that the appropriate end date for purposes of the Court's analysis is July 14, 2017, the date the original complaint was filed. (Docket #21 at 3 n.2).

441, 442 (7th Cir. 2016); Wis. Stat. § 893.53. As noted above, Plaintiff identifies the last date of injury as July 11, 2011, and the case was not filed until July 14, 2017. Defendant asserts that Plaintiff's lawsuit was filed three days too late.

Plaintiff counters that his due process claim did not accrue, and thus the statute of limitations did not begin to run, on July 11, 2011. Rather, he maintains that the correct accrual date is "August or September 2011." (Docket #32 at 1). As support for this belief, Plaintiff cites the "continuing violation" doctrine, which applies

> when the plaintiff could not reasonably be expected to perceive the alleged violation before the limitations period has run, or when the violation only becomes apparent in light of later events. . . . The continuing violation doctrine is also applicable when the state actor has a policy or practice that brings with it a fresh violation each day.

*Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Plaintiff argues that he, as a layperson, could not have known that Defendant's conduct violated his constitutional rights until he was able to perform some legal research. (Docket #32 at 2-3). He did not have an opportunity to conduct that research until he reached his current place of confinement and gained access to its law library, "around July 20-23, 2011." *Id.* at 3. Finally, Plaintiff assumes a "grace period" for himself to actually do his research, which "lead[s] to August or September 2011 [as] the date that [Plaintiff at least 'should have known that his constitutional rights had been violated.'" *Id.* (quoting *Savory*, 469 F.3d at 672).[2]

---

[2]Plaintiff supports his position by reference to certain documents which, he believes, prove that he could not have started his legal research any earlier. (Docket #32-1). He moves the Court to take judicial notice of these materials. (Docket #25). Defendant seems to oppose the motion. (Docket #34 at 1-2). In light

Perhaps understandably, Plaintiff misapprehends the application of the continuing violation doctrine to his case. Though courts look to state law to supply the limitations period in a Section 1983 action, accrual of such claims is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Federal law provides that accrual occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id.* (citations and quotations omitted). Critically, only the facts underlying the cause of action, not a plaintiff's appreciation of their legal significance, are of moment in an accrual analysis. *Haywood v. Champaign County, Ill.*, 596 F. App'x 512, 512-13 (7th Cir. 2015); *Richards v. Kleinhubert*, 263 F. App'x 493, 495 (7th Cir. 2008); *Codling v. Trgovich*, 182 F.3d 921, 1999 WL 313741, at *1 (7th Cir. 1999). In the same vein, the above-quoted holdings in *Savory* relate to an awareness of the *factual* circumstances of a claim, not a plaintiff's ability to consult legal counsel or conduct his or her own research.

Here, Plaintiff's pleadings set forth an unambiguous end date for Defendant's alleged constitutional violation—July 11, 2011. At that time, the factual development of Plaintiff's claim ended. Plaintiff was certainly aware of those facts and does not argue otherwise. In other words, July 11th, 2011 was the first date on which Plaintiff could "file suit and obtain

---

of the traditional caution against overuse of the judicial notice procedure in the context of a motion to dismiss, the Court will deny Plaintiff's request. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). The Court has nevertheless credited the statements Plaintiff made within his brief. Neither those statements, nor the documents he sought to have judicially noticed, change the result.

relief." *Wallace*, 549 U.S. at 388.[3] Plaintiff's lack of legal acumen has no bearing on this accrual date.

Though Plaintiff has not asserted the doctrine, his situation appears to be a candidate for equitable tolling. Equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory*, 469 F.3d at 673 (7th Cir. 2006). It is "rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The *Tucker* court instructed that,

> before the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. Second, he must also show that he has diligently pursued his claim, despite the obstacle.

*Id.* (citations omitted). The burden of showing that equitable tolling is appropriate lies with the asserting party. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling does not save Plaintiff's case. Again, he did not invoke the doctrine or attempt to establish the facts relevant thereto, though the burden to do so lies with him. Further, even taking as true everything stated in his response brief, Plaintiff has not proven the requisite diligence.

---

[3]Had Defendant argued that February 2, 2008 was the appropriate accrual date, the continuing violation doctrine would likely have applied. Plaintiff's allegations, generously construed, support a finding that Defendant improperly withheld Plaintiff's visitation rights from that day, and on each subsequent day, until July 11th, 2011. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) ("For continuing [constitutional] violations, the [limitations] period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first.").

While Plaintiff had some initial difficulty in reaching a law library, he admits that he knew the factual and legal bases for his claim no later than September 2011. What Plaintiff did for the next 5 years and 10 months is a mystery. Plaintiff's failure to explain his conduct during that time means that equitable tolling is unavailable to him.

5.  **CONCLUSION**

In light of the foregoing, Defendant's motion to dismiss must be granted. The claim upon which Plaintiff was permitted to proceed—"interference with Plaintiff's right to visit with his daughter, in violation of his substantive due process rights under the Fourteenth Amendment"—must be dismissed with prejudice. (Docket #13 at 3).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for judicial notice (Docket #25) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Docket #12) be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge